United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60114
Conference Calendar

CHRISTOPHER CARBIN,

Plaintiff-Appellant,

versus

RICHARD J. DANZIG, Secretary of the Navy;
W. DEAN PFEIFFER, Executive Director, Individual Capacity;
VERONICA COLEMAN, Individual Capacity; GREGORY T. JAEGER,
Individual Capacity; THOMAS GRANAHAN, Individual Capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:02-CV-108-D-B
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Christopher Carbin, Mississippi prisoner # 44718,

proceeding pro se and in forma pauperis ("IFP"), appeals

the 28 U.S.C. § 1915(e)(2)(B)(i) dismissal as frivolous of his

42 U.S.C. § 1983 lawsuit against the Secretary of the Navy and

various Navy officials, asserting that his discharge from the

Navy violated his constitutional rights. This court reviews a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 1915(e)(2)(B)(i) dismissal as frivolous for an abuse of discretion. Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).

The district court determined that the suit was barred by the doctrine of res judicata. Carbin conclusionally argues that dismissal was error because a jury could find in his favor, because the defendants have not presented any evidence yet, and because he has been denied justice; he also asserts that he should have been given the opportunity to amend his pleadings. Carbin additionally cites cases for the proposition that res judicata should not apply when a plaintiff did not have a full and fair opportunity to litigate his claims in prior litigation, but he does not affirmatively assert that he was denied such an opportunity in his previous lawsuits. Moreover, even giving his pleadings liberal construction, Carbin makes no specific argument that the application of the doctrine of res judicata to his claims was error, and he has therefore waived the sole ground for appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The instant appeal is without arguable merit and is therefore DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of Carbin's complaint counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does this court's dismissal of the instant appeal. See Adepegba v. Hammons, 103 F.3d 383, 387

(5th Cir. 1996).  This court has previously dismissed the appeal from the dismissal as frivolous of Carbin's prior civil rights action, giving him two more strikes.  See Carbin v. United States Navy, et al., No. 95-60544 (5th Cir. Oct. 19, 1995)(unpublished).  Because Carbin has now accumulated more than three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.